## FREDERICK RIDER v. CHRISTIAN KERN.

*Question of fact as to ownership.*

The Supreme Court has no right to weigh evidence in law cases

A man sued another for the value of a beer wagon, which plaintiff claimed
to own, but which defendant had bought from plaintiff's stepfather.
The evidence tended to show that the seller was the original owner,
but that the plaintiff had authorized his mother to use his money in
buying it in from a man who had bought it on a foreclosure against
the stepfather. The purchaser had also been garnished by a creditor
of the stepfather and compelled to pay him all that remained unpaid
of the purchase price. *Held,* that the case was for the jury, and
that plaintiff was entitled to have their judgment on his presentation.

Error to St. Clair. Submitted June 23. Decided June 29.

ASSUMPSIT. Plaintiff brings error. Reversed.

*DeForest Paine* for plaintiff in error.

*E. G. Stevenson* for defendant in error.

GRAVES, J.   Rider sued Kern before a justice of the peace for the value of a beer wagon and the cause was appealed to the circuit court.   On the evidence being closed the circuit judge directed a verdict for the defendant and the question is whether there was anything on which the plaintiff was entitled to have the consideration of the jury. One Fahsnacht, the plaintiff's stepfather, owned the wagon originally and finally sold it to Kern.   Kern paid $5 in money and some twenty or twenty-five dollars in beer. When this trade was made Fahsnacht said nothing about any interest in Rider, and Kern swears that he supposed Fahsnacht owned the wagon and that he was selling exclusively on his own account.   The claim set up by Rider is that some time prior to this bargain, the wagon was taken by one Crawford from Fahsnacht on a mortgage and sold and bid in by Crawford; that Rider's mother held for his security a certain amount of his savings and requested him to authorize her to buy the wagon for him and pay therefor out of said moneys in her hands, and that he consented and the wagon was so purchased accordingly; that he subsequently authorized his stepfather Fahsnacht to sell the wagon for him and that Fahsnacht thereupon made the sale to Kern; that payment being delayed he called on Kern who informed him that he had the money on hand, but as he made the purchase of Fahsnacht and without notice that anybody else had any interest he would not pay any more until he was satisfied who was entitled to the money.

The claim on the part of Kern is that Fahsnacht was the real owner and that the claim of plaintiff is fraudulent.   He also insists that shortly after his purchase he was garnished by a creditor of Fahsnacht and was adjudged liable for the entire amount back on the price of the wagon, and was compelled to pay and did pay the amount on the judgment against him as such garnishee.   There was evidence tending to maintain each of these conflicting claims and the case

presented a controversy of fact which it was not competent for the court to either decide or ignore. The plaintiff was entitled to have his version settled by the jury and the judge erred in taking the case from them. The reasoning in support of the ruling implies a right in the court to weigh the evidence; but we cannot suppose counsel to be serious in the invitation to listen to an argument of that sort.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.